PER CURIAM.
Appellant, Cary Terry, Jr., appeals a final judgment awarding attorney’s fees in an age discrimination action. We affirm in part and reverse in part.
Appellant initially filed a complaint with the Florida Commission on Human Relations (FCHR) against appellee, his former employer, alleging his termination was the result of age discrimination. Subsequent to an FCHR hearing, but prior to any determination, appellant filed an action in the circuit court under both the Federal Age Discrimination in Employment Act (ADEA) and the Florida Human Rights Act. The jury found for the appellant and awarded him $5,535 in back pay.
Appellant then filed a motion for attorney’s fees and costs. In awarding attorney’s fees, the trial court made various deductions from the time claimed by appellant’s counsel and found that no adjustments to the lodestar were appropriate. The trial court also awarded fees to the attorneys who appeared as expert witnesses at the evidentiary hearing conducted on the attorneys’ fees and costs issue. The amounts awarded the experts, however, were at hourly rates lower than requested.
Appellant argues that the trial court erred in failing to apply a contingency multiplier to the lodestar attorney’s fee, that the trial court erred in deducting from the attorney’s fee award time expended pursuing administrative remedies prior to filing suit in circuit court, and that the trial court erred in limiting the fee allowed to attorneys acting as expert witnesses. With regard to the first and third issues, we affirm the trial court’s order. Only the second issue raised requires discussion.
Appellee argued at the evidentiary hearing that 21.9 hours were charged regarding the FCHR proceeding. The trial court disallowed 15 of the 21.9 hours spent “in proceedings before the Florida Commission on Human Relations” because appellant “did not allow the FCHR sufficient time to resolve this case without the need for litigation.”
In the absence of evidence that the time charged in relation to the administrative proceeding was duplicative or unnecessary, there appears to be no reason to disallow prelitigation time. See Ramsey v. Chrysler First, Inc., 861 F.2d 1541 (11th Cir.1988); Reichman v. Bonsignore, Brignati & Mazzota, 818 F.2d 278 (2d Cir.1987). Under the ADEA, a claimant is required to first file a charge with the state agency and may not file suit before the expiration of 60 days after filing the charges with the state agency. The claimant is not required to await issuance of a notice of right to sue.
The trial court’s deduction of 15 of the 21.9 hours appears to be arbitrary. No evidence was presented that the time charged was duplicative of time charged later or was unnecessary. In the present case, it appears that a fact finding conference was conducted before FCHR during this 60-day period and counsel for appellee conceded that appellant obtained needed information during the administrative proceeding. There is no indication in the record of how the trial court determined 15 of the 21.9 hours should be disallowed. The trial court abused its discretion in deducting the time at issue.
We accordingly reverse that portion of the judgment deducting 15 hours of the time charged while the appellant’s charge was pending before the FCHR. We remand to the trial court for further proceedings consistent with this decision.
*705 AFFIRMED in part, REVERSED in part, and REMANDED.
ZEHMER, BARFIELD and WOLF, JJ., concur.